914 F.2d 271
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MEISEL ROHRBAU GmbH & CO. KG, Appellant,
v.
The UNITED STATES, Appellee.
 No. 90-1174.
 United States Court of Appeals, Federal Circuit.
 Aug. 17, 1990.
 
 Before PLAGER, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Meisel Rohrbau GmbH & Co. KG (Meisel) appeals from the September 28, 1989, decision of the Armed Services Board of Contract Appeals (board) holding that Meisel's claim for suspension-of-work costs was barred by the doctrine of accord and satisfaction. 90-1 BCA p 22,357. We reverse and remand.
 
 OPINION
 
 2
 Meisel's contract related to the installation of water supply lines at an Army housing area in Frankfurt, Germany. During the performance of the contract, the government issued a "suspension-of-work" notice, suspending work under the contract. Meisel acknowledged the stop work order and advised the government that it would file a claim for suspension costs at a later time. Subsequently, Mr. Lotter, Meisel's office manager, and the contracting officer met and negotiated Modification P00001. The purpose of the modification was to extend the contract completion date, amend various cost provisions of the contract specifications, and rescind the suspension-of-work order. The modification provided:
 
 
 3
 The parties hereto agree that the change in contract price and schedule constitutes both the consideration and the equitable adjustment due under any clause of the contract resulting from the modification effected herein.
 
 
 4
 With respect to the modification and the negotiations, the board stated: "Although Mr. Lotter does not recall discussing the suspension claim with anyone in the Government, we are satisfied that Mr. Lotter and the contracting officer discussed the claim during the negotiations ... and that the amount finally agreed upon for Modification P00001 included appellant's suspension costs." The board held that because the parties agreed on the amount due for suspension costs and included those costs in the modification, receipt of the payment due under the modification constituted the accord and satisfaction for the suspension costs claim.
 
 
 5
 The general rule is that where a contract is not ambiguous, parol evidence may not be used to vary the terms of the agreement. Beta Systems, Inc. v. United States, 838 F.2d 1179, 1183 (Fed.Cir.1988); Bistline v. United States, 640 F.2d 1270, 1274, 226 Ct.Cl. 282, 286-87 (1981); Perry & Wallis, Inc. v. United States, 427 F.2d 722, 725, 192 Ct.Cl. 310, 315 (1970). The determination of whether an agreement is ambiguous is a question of law, reviewable de novo by this court. See John C. Grimberg Co. v. United States, 7 Cl.Ct. 452, 456, aff'd, 785 F.2d 325 (Fed.Cir.1985). We hold that the modification is unambiguous in its scope, and the board erroneously relied on extrinsic evidence in ruling that the modification provided for the suspension costs.
 
 
 6
 The "modification effected" by Modification P00001 was a change in the cost provisions, rescission of the suspension order, and a time extension. Any equitable adjustment for suspension costs would result from the imposition of the stop work order, not its rescission. Therefore, the claim for suspension costs was not, in the language of the modification, "[an] equitable adjustment due ... resulting from the modification effected [by Modification P00001]." The modification is clear on its face and does not include adjustment for suspension costs.
 
 
 7
 Accordingly, the decision of the board holding that Modification P00001 constituted the accord and satisfaction for the suspension costs is reversed. The case is remanded for determination of the effect, if any, of the final release executed by Meisel.
 
 COSTS
 
 8
 Court costs to appellant.